

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GREGORY SHERALD,

    Plaintiff,
v.                                                                                            **COMPLAINT**

EMBRACE TECHNOLOGIES, INC.; AND
EMBRACE INFRASTRUCTURE, LLC,

    Defendants.

---

### PRELIIMINARY STATEMENT

Plaintiff Gregory Sherald brings this civil action to recover, *inter alia*, overtime wages from defendants Embrace Technologies, Inc. and Embrace Infrastructure, LLC.

### JURISDICTION

1) The Court has subject matter jurisdiction over this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, and pursuant to 28 U.S.C. §1331.

2) The Court has jurisdiction over Plaintiff's pendent state claims, pursuant to 28 U.S.C. §1367.

### VENUE

3) Venue is proper, pursuant to 28 U.S.C. §1391, because Defendants do a substantial amount of business within this jurisdiction.

### PARTIES

4) Defendant Embrace Technologies, Inc. is a New York incorporated entity, whose principal business address is within New York County, 259 West 30th Street, New York, NY 10001. It also does business in Queens County. Nonparty Michael Einstein is its president.

5) Defendant Embrace Infrastructure, LLC was formed in or about 2005. Nonparty Michael Einstein is its principal. The company has offices at 33-56 54th Street, Woodside, NY 11377, which it shares with parent company Embrace Technologies, Inc.

6) Plaintiff Gregory Sherald resides in Brooklyn, New York.

## FACTUAL ALLEGATIONS

7) Plaintiff reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 6.

8) In 2005, Embrace Technologies, Inc. (hereinafter, "ET") interviewed Plaintiff.

9) ET offered to employ Plaintiff as a data technician.

10) The initial, promised base salary was $42,000 per year, paid bi-weekly. Effective November 28, 2005, the base salary was to increase to $45,000 per year.

11) ET promised Plaintiff that his compensation would include vacation benefits of one week of paid vacation through yearend 2005, and, each year thereafter, two weeks of paid vacation.

12) ET hired Plaintiff. Plaintiff's employment began effective August 25, 2005.

13) Throughout the employment relationship, defendant Embrace Infrastructure LLC issued all of Plaintiff's paychecks. The paychecks were intended to compensate Plaintiff for his work as a data technician.

14) ET assigned work to Plaintiff.

15) Plaintiff wore a uniform/shirt, which ET issued to him.

16) In 2006, ET announced that, pursuant to a "new" union agreement with CWA Local 1106, Plaintiff would receive a mandatory bonus.

17) Plaintiff's base annual wages increased to $45,500 in 2006 and $47,736.00 in 2008.

18) ET retained the authority to terminate Plaintiff's at-will employment.

19) Plaintiff's employment terminated effective April 17, 2009.

### FIRST CAUSE OF ACTION:
### FAIR LABOR STANDARDS ACT
### Claim for Underpaid Overtime Wages

20) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 through 19.

21) Defendants coordinated their practices with respect to Plaintiff's compensation.

22) ET retained control to affect and direct the payment of wages to Plaintiff.

23) Embrace Infrastructure, LLC retained control to affect the payment of wages to Plaintiff.

24) Plaintiff regularly communicated across state lines by telephone. Plaintiff sometimes traveled out-of-state to customer job sites.

25) On one or more occasions, there was a miscalculation of Plaintiff's regular rate of pay, and Plaintiff was underpaid overtime wages.

26) On one or more occasions, Plaintiff was deprived of properly calculated overtime compensation of at least one and one-half times his regular wages for any hours worked in excess of forty hours per week, 29 U.S.C. § 207(a)(1).

27) Defendants engaged in a "willful" violation of the FLSA, 29 U.S.C. §255(a).

28) Defendants are jointly and severally liable to Plaintiff under the FLSA for overtime wages, 29 U.S.C. § 207(a)(1), and for liquidated damages, 29 U.S.C. §216(b).

### SECOND CAUSE OF ACTION:
### FAIR LABOR STANDARDS ACT
### Claim for Unpaid Overtime Wages

29) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 28.

30) ET assigned Plaintiff to drive a company vehicle. Plaintiff operated an ET vehicle, which he drove to and from job sites. Some job sites were located out-of-state.

31) Plaintiff spent several hours a workweek operating the company vehicle.

32) Plaintiff received no wages for driving ET's vehicle from his residence to customer job sites. Nor did he receive wages for driving ET's vehicle from customer job sites to his residence.

33) Plaintiff's was entitled to receive compensation for driving ET's vehicle to and from customer job sites. Plaintiff was denied properly calculated overtime compensation of at least one and one-half times his regular wages for any hours worked in excess of forty hours per week, 29 U.S.C. § 207(a)(1).

34) Defendants engaged in a "willful" violation of the FLSA, 29 U.S.C. §255(a).

35) Defendants are jointly and severally liable to Plaintiff for straight-time and overtime wages, under the FLSA, 29 U.S.C. §§206, 207(a)(1), and for liquidated damages, 29 U.S.C. §216(b).

### THIRD CAUSE OF ACTION:
### NEW YORK LABOR LAWS
### Claim for Overtime Wages

36) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 35.

37) Each Defendant is an "employer" within the meaning of NYLL, §§ 650, 651.

38) Plaintiff was an "employee" of each Defendant within the meaning of the NYLL, § 190(2), 12 N.Y.C.R.R. § 142-2.14.

39) For the period August 25, 2005 through April 17, 2009, Plaintiff seeks to recover one and one-half times the properly calculated, regular rate of pay for all hours worked in excess of 40 hours per workweek, N.Y.L.L., § 663(1), together with liquidated damages, NYLL, § 663.

40) Defendants are liable to Plaintiff under the New York Labor Law ("N.Y.L.L.") §650 et seq., the New York Wage Payment Act, Labor Law §190 et seq. and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142., tit. 12, §142-2.2.

## FOURTH CAUSE OF ACTION:
## NEW YORK LABOR LAWS
### Accrued, Unused Vacation Time

41) Plaintiff herein reasserts and incorporates by reference the allegations that are set forth in paragraphs 1 to 40.

42) Defendants omitted to pay to Plaintiff unused, accrued vacation benefits. For 2005, Plaintiff is owed 3 days; for 2006, he is owed 10 days; and for 2007, he is owed 10 vacation days.

43) Defendants are jointly and severally liable to Plaintiff under the NYLL and N.Y. Comp. Codes R. & Regs. tit. 12, § 142.-2.2, 2.5 *et seq.*

## FIFTH CAUSE OF ACTION:
## NEW YORK LABOR LAWS
### Spread-of-Hours Compensation

44) Plaintiff herein reasserts and incorporates by reference the allegations set forth in paragraphs 1 to 43.

45) Plaintiff sometimes worked shifts whose duration exceeded ten hours.

46) Defendants omitted to pay "spread-of-hours" compensation to Plaintiff.

47) The omission was intentional.

48) Defendants are jointly and severally liable to Plaintiff for "spread-of-hours" compensation, pursuant to the New York Minimum Wage Act, NYLL, § 652 *et seq.* ("Minimum Wage Act"), NYLL § 663(1), and pursuant to New York State Department of Labor Regulations, 12 N.Y.C.C. § 142-2.4, and for liquidated damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY, pursuant to Fed. R. Civ. P. Rule 38(b);

AND WHEREFORE, Plaintiff seeks relief against the Defendants as follows:

A. Relief under the FLSA:

   a. Actual damages, including, without limitation, liquidated damages, 29 U.S.C. §§206, 207(a)(1), §216(b), according to proof;

B. Relief under the NYLL:

   a. Actual damages, including, without limitation, liquidated damages, NYLL, §§198, 663, according to proof;

C. Interest ( prejudgment and post-judgment);

D. Reasonable attorney fees, including, without limitation, statutory fee-shifting fees;

E. Costs of action incurred herein, including, without limitation, expert fees; and

F. Such other and further legal and equitable relief, as the Court deems necessary, just and proper.

DATED:   New York, NY
         February 4, 2011

_____
Chinyere Okoronkwo, Esq.
Attorney for Plaintiff
Law Office
40 East 94th Street
New York, NY 10128
(212)537- 9284; (917)817-6528

6