Lawrence Peikes (LP-2478)
Wiggin and Dana LLP
450 Lexington Avenue
Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 (fax)

Attorneys for Defendants
EMBRACE TECHNOLOGIES INC.,
EMBRACE INFRASTRUCTURE, LLC, and
MICHAEL EINSTEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREGORY SHERALD,<br><br>Plaintiff,<br><br>v.<br><br>EMBRACE TECHNOLOGIES INC., EMBRACE INFRASTRUCTURE, LLC, and MICHAEL EINSTEIN<br><br>Defendants. | **CASE NO. 11 Civ. 0939 (TPG)**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION** |

By way of an Opinion dated January 10, 2013 (hereinafter "Opinion" [Doc. No. 53]), the Court ruled on the parties' competing motions for summary judgment in the above-captioned wage and hour case. In particular, the Court denied plaintiff's motion for partial summary judgment in its entirety, and granted summary judgment in favor of defendants Embrace Technologies, Inc. ("ETI"), Embrace Infrastructure, LLC ("LLC") (collectively "Embrace"), and Michael Einstein (all collectively "defendants") as to Counts One, Three and Four of plaintiff's Amended Complaint, while denying defendants' dispositive motion as it related to Counts Two and Five.

The instant motion for reconsideration is directed solely to the Court's determination that a genuine issue of material fact exists in regard to Count Two, alleging that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by supposedly failing to compensate plaintiff for off-the-clock work ostensibly performed pre-shift and during meal breaks. Reconsideration, and entry of summary judgment in defendants' favor, is warranted as to this count in that the Court overlooked the undisputed facts establishing that the work plaintiff claims to have performed off-the-clock is not compensable according to the governing law.

Motions for reconsideration are governed by Local Civil Rule 6.3. "Under L.C.R. 6.3, a party seeking reconsideration of a district court's ruling must 'set forth concisely the matters or controlling decisions which counsel believes the court has overlooked.' The goal of Local Rule 6.3 is 'to ensure finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' Therefore, 'under L.C.R. 6.3, a party may not 'advance new facts, issues or arguments not previously presented to the Court.'' L.C.R. 6.3 affords relief where the court has erred by overlooking a factual or legal argument presented, not where a party failed to present relevant factual or legal arguments." In re Fosamax Products Liability Litigation, 815 F. Supp. 2d 649, 651 (S.D.N.Y. 2011).

Thus, "[a] motion for reconsideration should be granted where the court has 'overlooked controlling decisions or factual matters *that were put before it on the underlying motion* which, had they been considered might have reasonably altered the result before the court.'" Gonzalez-Blanco v. Bank of America, N.A., No. 11 Civ. 7139, 2012 WL 19383, at * 1 (S.D.N.Y. Jan. 3, 2012)(Griesa, J.)(emphasis in original). Defendants respectfully submit that had the Court fully considered the "controlling decisions" and "factual matters" put before it by way of defendants' summary judgment submissions in regard to Count Two, that count would have met the same

fate as Counts One, Three and Four and been dismissed due to the absence of a genuine issue of material fact.

The Court began its analysis of Count Two by properly pointing out that, "'[t]o establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work.'" (Opinion [Doc. No. 53] at 13)(quoting Kuebel v. Black & Decker Inc., 643 F.3d 352, 361 (2d Cir. 2011)). From there, the Court proceeded to find that plaintiff adduced sufficient evidence as to the amount of time he spent performing off-the-clock work to create a trial-worthy issue on the point (Opinion [Doc. No. 53] at 14), and that defendants failed to definitively show that they lacked "actual or constructive notice that such work was being performed" in that "defendants knowledge could be inferred from the fact that much of the alleged lunchtime work involved direct communication with defendant Einstein or other employees of defendants, and the fact that Ron Bugge allegedly saw plaintiff engaging in pre-shift activities on several occasions" (id. at 15). However, the Court overlooked defendants' contention—substantiated by citations to the record and controlling and highly persuasive decisional law—that the "work" plaintiff claims to have performed pre-shift and during meal breaks was not compensable in the first place.

As defendants pointed out in their opening brief, to establish a cognizable off-the clock claim an FLSA plaintiff must make a threshold showing "that the time in question was dedicated to compensable 'work'…" (Defs' SJ Brief [Doc. No. 21] at 10)(citing Kuebel, 643 F.3d at 361). For purposes of the FLSA, we explained, compensable work is defined "'as exertion or loss of an employee's time that is (1) controlled or required by an employer, (2) pursued necessarily and primarily for the employer's benefit, and (3) if performed outside the scheduled work time, an

integral and indispensable part of the employee's principal activities.'" (Id. at 14)(quoting Chao v. Gotham Registry, Inc., 514 F.3d 280, 285 (2d Cir. 2008)). In declining to dismiss Count Two on summary judgment, the Court observed that plaintiff offered testimony to the effect that he performed work prior to the start of his shift and during mealtimes, but made no determination as to whether the functions he claims to have undertaken during these off-the-clock periods satisfied the three-part test of compensability articulated by the Second Circuit in Gotham Registry, despite defendants' showing that it did not.

Although the Court correctly noted that plaintiff provided testimonial support for his contention that he performed "thirty minutes of pre-shift work on the majority of days he was employed" (Opinion [Doc. No. 53] at 14), the Opinion makes no mention of plaintiff's admission that he spent this time (i) doing paperwork that was neither required by, nor shared with, defendants, but instead was for his own personal convenience, (ii) catching up on paperwork that defendants did not require him to do, and had no reason to suspect he was doing, outside of normal working hours, and (iii) cleaning out his company-provided van. (See Defs' SJ Brief [Doc. No. 21] at 14). The Court seems to have therefore overlooked the case law cited by defendants establishing beyond peradventure that none of these pre-shift activities amounts to compensable work within the meaning of the FLSA. (Id. at 15-16). Indeed, plaintiff largely ignored, and therefore implicitly conceded, defendants' argument on the point. (See Defs' SJ Reply [Doc. No. 42] at 3).

The Court also credited, for summary judgment purposes, plaintiff's assertions regarding "various lunchtime meetings occupying the entire lunch hour that allegedly occurred about ten times per year" and "interruptions in his lunch from calls of variable duration" (Opinion [Doc. No. 53] at 14), but neglected to address whether these disruptions were of the sort that would

render the time predominantly for the benefit of Embrace, and hence compensable. As defendants explained in their moving brief, precedent teaches that "'interrupted meal breaks are only compensable if an employee is required 'to give up a substantial measure of his time and effort.''" (See Defs' SJ Brief [Doc. No. 21] at 14)(quoting Wolman v. Catholic Health System of Long Island, Inc., 853 F. Supp. 2d 290, 303 (E.D.N.Y. 2012)). Defendants then directed the Court to plaintiff's admissions that none of the interruptions he experienced while on break precluded him from consuming a meal.

Plaintiff was logically and admittedly free to eat while Mr. Einstein allegedly engaged the technicians in "shop talk" on those ten or so occasions per year when he supposedly joined them for lunch; and plaintiff admitted that he only fielded calls that came in from the office during his meal break if the issue could be resolved quickly and did not interfere with his dining, otherwise he told the caller he would get back to her after lunch. Armed with these critical admissions defendants proceeded to argue, on the basis of controlling Second Circuit opinions and well-reasoned decisions issued by district courts within and outside this Circuit, that the disruptions described by plaintiff, if they truly occurred, were not sufficiently intrusive as to convert his otherwise non-working meal time into working (i.e., compensable) time. (See Defs' SJ Brief [Doc. No. 21] at 13-14; Defs' SJ Reply [Doc. No. 42] at 4-7).

Thus, in denying defendants' motion for summary judgment as to Count Two, the Court overlooked a critical step in the analysis by neglecting to consider whether defendants were legally obligated to compensate plaintiff for the "work" he claims to have performed pre-shift and during meal breaks. That is, the Court determined that plaintiff offered enough evidence to engender a material factual dispute as to whether he performed "work" off-the-clock, the extent of any such "work," and whether defendant had actual or constructive knowledge of this "work,"

but did not consider whether the activities in question were in fact "work" within the meaning of the FLSA. Drawing from the record evidence and controlling as well as persuasive authority, defendants' summary judgment submissions demonstrated beyond a shadow of a doubt that plaintiff's alleged off-the-clock activities do not constitute "work" as a matter of law, such that the time is not compensable. Reconsideration is therefore warranted. See Bishop v. Best Buy Co., Inc., No. 08 Civ. 8427, 2011 WL 4011449, at *8-12 (S.D.N.Y. Sept. 8, 2011)(granting defendants' motion for reconsideration of Order denying motion to dismiss to the extent Court overlooked compelling legal arguments and, upon reconsideration, dismissing various causes of action for failure to state a cognizable claim for relief).

For the foregoing reasons, defendants' motion for reconsideration should be granted and, upon further reflection, the Court should enter summary judgment in favor of defendants as to Count Two of the Amended Complaint.

Dated: New York, New York
January 17, 2013

Respectfully submitted,

WIGGIN AND DANA LLP
450 Lexington Avenue
Suite 3800
New York, NY 10017
(212) 490-1700
(212) 490-0536 (fax)

By:__________________________
Lawrence Peikes (LP-2478)
lpeikes@wiggin.com

Attorneys for Defendants
EMBRACE TECHNOLOGIES INC.,
EMBRACE INFRASTRUCTURE, LLC
and MICHAEL EINSTEIN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2013, the foregoing Memorandum of Law in Further Support of Defendants' Motion for Reconsideration was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Lawrence Peikes

22016/1/2827256.1